IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NANA JOES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 41-784 |
| | § | |
| MICROBIOTIC HEALTH FOODS, INC., | § | |
| D/B/A NANA'S COOKIE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Nana Joes, LLC ("**Nana Joes Granola**") files this complaint for declaratory judgment against Defendant Microbiotic Health Foods, Inc. d/b/a Nana's Cookie Company ("**Microbiotic**") and would respectfully show the Court as follows.

**PARTIES**

1.  Plaintiff Nana Joes, LLC is a California limited liability company with its principal place of business in San Francisco, California. Nana Joes Granola products are sold across the country.

2.  Defendant Microbiotic Health Foods, Inc. is, upon information and belief, a California corporation with its principal place of business at 4901 Morena Boulevard, Suite 401, San Diego, California 92117. Microbiotic sells its products over the Internet (www.nanascookiecompany.com) and at brick-and-mortar stores

such as Sprouts and Whole Foods, which are located in this district. A screenshot of Defendant's website is copied below, and a true and correct copy of a receipt proving that Defendant's products are available for sale—and have been purchased—in this district is attached hereto as Exhibit A.



## JURISDICTION AND VENUE

3. This is an action for declaratory judgment and trademark infringement arising under the declaratory judgment and trademark laws of the United States, 15 USC § 1051 *et seq*, 15 U.S.C. §1125, *et seq*.; and 28 U.S.C. §§ 2201 and 2202.

4. The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district, and has regularly and continuously transacted business in the State of Texas.

**FACTUAL BACKGROUND**

6. Plaintiff seeks a declaratory judgment of non-infringement of Microbiotic's alleged trademarks, and a further declaration that those alleged trademarks are invalid and unenforceable.

7. Nana Joes Granola is a small company that makes vegan and gluten free granola, granola bars, gluten-free vegan (non-wheat-based) cookies, and trail mix. The company was started in 2010, and has, in the years since, begun selling its products nationwide and has appeared in articles and publications across the United States. In 2015 and 2016, Nana Joes Granola applied for and, ultimately, was granted trademarks for the design mark "Nana Joes Homemade in San Francisco" and the word mark "Nana Joes Granola"—U.S. Reg. Nos. 5,159,718 and 5,016,064, registered on March 14, 2017 and August 9, 2016, respectively. Nana Joes Granola has been using these marks in commerce since April 2015 and September 2012. The marks' descriptions of goods and services are identical:

> Granola; granola snacks; granola-based snack bars; trail mix consisting primarily of granola, and also including nut butter clusters, dried fruit, chocolate, nuts, and seeds; cookies; coconut granola, also including nuts, seeds, and dried fruit; gift baskets comprising granola, granola bars, trail mix, and cookies.

8. On October 18, 2017, Microbiotic wrote a letter to Nana Joes Granola demanding that Nana Joes cease using the name "Nana Joes" to "sell goods that are the same as, or closely related to, goods sold by [Microbiotic]," asserting that doing so "constitutes trademark infringement and unfair competition under both state and federal laws, subjecting it to a claim by [Microbiotic] for monetary and injunctive relief." In particular, Microbiotic asserted that Nana Joes Granola sales of its granola products violate Microbiotic's rights in three federally-registered trademarks—U.S. Reg. Nos. 3,134,854, 3,303,372, and 3,492,394.

9. Microbiotic's marks relate to (1) cookies and (2) "Wheat-based snack bars." That is unsurprising, given that Microbiotic sells cookies and cookie bars. *See*, *e.g.*, Microbiotic's Website, http://www.nanascookiecompany.com/Section/Products/Cookies/index.html. Microbiotic does not, however, sell granola. Nor do its trademark registrations mention or relate to granola.

10. As shown in the table below, the two companies' different products are completely dissimilar. One is a healthy snack; the other is dessert. There is absolutely no risk of confusion, and Microbiotic's letter represents an attempt to grossly overreach the scope of their rights under their alleged trademarks:



| Table 1 – Nana Joes' and Microbiotic's Different Products ||
|---|---|
| **Health Food: Nana Joes Granola** | **Dessert: A Microbiotic Cookie** |

11. The term "nana" means "grandmother." *See*, *e.g.*, Merriam-Webster's Collegiate Dictionary, 10th Ed., *Merriam-Webster, Incorporated*, 1993, at 772. The term has been in wide-spread use for generations, and it is not uncommon for people to associate food—especially baked goods like cookies and cakes—with "nana," as is evident from the numerous existing trademarks referenced below. Now, Microbiotic is attempting to prevent Nana Joes Granola's reasonable use of this common term.

12. Microbiotic's limited alleged trademark rights, however, do not give Microbiotic a monopoly on the word "nana," a fact evidenced, for example, by the over dozens of different federal trademark registrations or pending registrations that

include that word.  These include a large number of marks relating to different kinds of food, for example:

**U.S. Reg. No. 4,738,105** (fruit preserves; jellies and jams; pickled cucumbers; pickled fruits; processed peaches; hot sauce; pancake syrup; salsa; retail jam, jellies, syrup, and fruit products stores.);

**U.S. Reg. No. 5,273,730** (non-dairy frozen soft-serve ice-cream, milkshakes, ice-cream and sundae confections; restaurant services featuring cold and frozen desserts, namely, soft serve ice-cream, sundaes, smoothies, milkshakes and ice cream);

**U.S. Reg. No. 4,517,540** (frozen, prepared or packaged stromboli);

**U.S. Reg. No. 4,624,555** (beverages, namely, fruit juices and energy drinks containing nutritional supplements; fruit beverages; fruit drinks; fruit drinks and fruit juices; fruit drinks and juices; fruit juice; fruit juices; fruit juices and fruit drinks; herbal juices; mixed fruit juice; non-alcoholic beverages containing fruit juices; non-alcoholic fruit juice beverages; smoothies);

**U.S. Reg. No. 4,201,115** (cafe and restaurant services; tea rooms); and

**U.S. Reg. Nos. 2,895,766** (cake mix);

In fact, there are *at least three that relate specifically to cookies—e.g.*, **U.S. Reg. No. 4,410,568** ("[b]akery goods; [c]ookies"), **Serial No. 87/415,406** ("[b]akery goods and dessert items, namely, cakes, cookies"), **Serial No. 87/123,511**

("[c]ookies"). There are also a large number of cookie businesses that exist throughout the United States—*e.g.*, Nana's Cakery (http://www.nanascookiesandmore.com/) and Nana's Kookies (https://www.gulfstreamdelivery.com/r/704/restaurants/delivery/Cakes-Bakery/Nanas-Kookies-Corpus-Christi). The fact is, if Microbiotic has any rights in the mark "Nana," they are very limited in scope, only applying to cookies and/or wheat-based snack bars. Any attempt to expand their rights beyond that limited scope would be—and is, in this case—an improper attempt to expand their rights way beyond what the Trademark Office appears to have thought appropriate.

13. Even if Microbiotic's rights were so broad—and they are not—the company has failed to take appropriate steps to police its alleged rights. For example, Nana Joes Granola's trademark applications were published for opposition on February 16, 2016 and December 27, 2016, with nary a word from Microbiotic. Indeed, Nana Joes Granola has been in business since at least 2010, its products have been the subject of countless articles in the national press, and its products are available across the United States. The law is well established that putative rights holders cannot sit back, waiting for others to invest time and capital in their products, only to pounce once those products have become successful.

## CLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY/UNENFORCEABILITY

14. Nana Joes Granola re-alleges and incorporates each of the preceding paragraphs as if set forth and restated fully herein.

15. An actual justiciable controversy exists, as set out above, in the form of the credible threat of immediate litigation and demand to cease and desist made by Microbiotic on or about October 18, 2017. A true and correct copy of the letter is attached hereto as Exhibit B.

16. None of Nana Joes Granola's activities, including but not limited to the marketing and sale of products using its own federally-registered trademarks, constitutes infringement of any existing and valid trademark of Defendant Microbiotic.

17. Microbiotic's alleged trademarks—U.S. Reg. Nos. 3,134,854, 3,303,372, and 3,492,394—are invalid and unenforceable.

18. Nana Joes Granola is entitled to a judgment declaring that it is not infringing any valid and enforceable trademark of Microbiotic and that Microbiotic's trademarks are unenforceable.

19. Nana Joes Granola is further entitled to its reasonable and necessary attorney's fees.

### DEMAND FOR JURY TRIAL

20. Nana Joes Granola demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nana Joes, LLC requests entry of judgment in its favor and against Microbiotic Health Foods, Inc. d/b/a Nana's Cookie Company as follows:

A. Declaring that Plaintiff Nana Joes, LLC does not infringe any valid and enforceable trademark belonging to Defendant Microbiotic Health Foods, Inc. d/b/a Nana's Cookie Company;

B. Declaring that Defendant Microbiotic Health Foods, Inc. d/b/a Nana's Cookie Company's alleged trademarks, *e.g.*, U.S. Reg. Nos. 3,134,854, 3,303,372, and 3,492,394, are invalid and unenforceable;

C. Awarding Plaintiff Nana Joes, LLC its reasonable and necessary attorney's fees;

D. Awarding Plaintiff Nana Joes, LLC its costs; and

E. Awarding Plaintiff Nana Joes, LLC any and all other relief to which the Court may deem it to be entitled.

Respectfully submitted,

_____
Anthony P. Miller
 tony@mppfirm.com
 Texas Bar No. 24041484
S. Scott Pershern
 scott@mppfirm.com
 Texas Bar No. 24060412
MILLER PATTI PERSHERN PLLC
5001 Spring Valley Road, Suite 400 East
Dallas, Texas 75244
Tel.: (214) 935-4930
Fax: (214) 935-4946

**ATTORNEYS FOR PLAINTIFF
NANA JOES, LLC**