# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NANA JOES, LLC <br><br> v. <br><br> MICROBIOTIC HEALTH FOODS, INC. <br> d/b/a NANA'S COOKIE COMPANY | § <br> § <br> § Civil Action No. 4:17-CV-00784 <br> § Judge Mazzant <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be granted.

### BACKGROUND

Plaintiff Nana Joes, LLC, is a California limited liability company that makes vegan and gluten-free granola, granola bars, cookies, and trail mix. Defendant Microbiotic Health Foods, Inc. d/b/a Nana's Cookie Company is a California corporation with its principle place of business in San Diego, California, which also makes cookies and other related products. On October 18, 2017, Defendant sent a cease and desist letter to Plaintiff's attorney, who was located in Texas, demanding that Plaintiff "cease using the name 'Nana Joes' to 'sell goods that are the same as, or closely related to, goods sold by [Defendant]. . . .'" (Dkt. #1 at p. 4 (quoting (Dkt. #1, Exhibit B))). In the letter, Defendant asserted "that doing so 'constitutes trademark infringement and unfair competition under both state and federal laws, subjecting it to a claim by [Defendant] for monetary and injunctive relief.'" (Dkt. #1 at p. 4 (quoting (Dkt. #1, Exhibit B))).

Based on this action, on November 1, 2017, Plaintiff filed its Complaint for Declaratory Judgment (Dkt. #1) in the Eastern District of Texas against Defendant seeking a declaration that it

is not infringing any of Defendant's trademarks and that those trademarks are invalid and unenforceable. Defendant operates in California with all of its employees residing in California. Defendant engages brokers who reside in California, Nevada, Utah, Colorado, and New Mexico.[1] Defendant maintains a website, http://www.nanascookiecompany.com, from which Texas residents purchase Defendant's products.[2] Further, Defendant sells its products to national vendors, including T.J. Maxx, Ross Stores, Amazon.com, and national grocery distributors, all of which place Defendant's products for sale in stores in Texas. Defendant does not maintain any employees, office space, registrations, phone listings, inventory storage, or sales representatives in Texas.

In response to the Complaint for Declaratory Judgment, Defendant filed its motion to dismiss for lack of personal jurisdiction on December 21, 2017 (Dkt. #5). Plaintiff filed its response on January 4, 2018 (Dkt. #8) and Defendant filed a reply on January 11, 2018 (Dkt. #10).

## LEGAL STANDARD

*Motion to Dismiss for Lack of Personal Jurisdiction – 12(b)(2)*

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve factual conflicts in favor of the plaintiff. *Id.*

---

[1] Defendant did engage one broker as an independent contractor, who resided in Texas, but terminated the contract in 2013.
[2] Defendant has sold about $6,000 worth of product in Texas, through its website, since January 1, 2014.

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Because the Texas long-arm statute extends as far as constitutional due process permits, a court only needs to determine whether a suit in Texas is consistent with the due process clause of the Fourteenth Amendment. *Id.* The due process clause requires that a court exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

*Motion to Transfer Venue*

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen,* 376 U.S. at 616.

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this

4

privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

**ANALYSIS**

Defendant contends that the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) because it is not subject to personal jurisdiction in Texas, or that the Court should alternatively transfer the case because the Southern District of California is the clearly more convenient forum. Plaintiff maintains that Defendant is subject to personal jurisdiction in Texas and that the Eastern District of Texas is the more convenient forum. Because the Court finds that Defendant is not subject to personal jurisdiction in Texas, it is not necessary for the Court to address venue.

The minimum contacts required by the due process clause can be satisfied by either a showing of general jurisdiction or specific jurisdiction. After a review of Plaintiff's response, it appears that Plaintiff claims Defendant is subject to personal jurisdiction in Texas based on both general and specific jurisdiction. As such, the Court will address each in turn.

## I. General Jurisdiction

General jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id.* at 416. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The

inquiry is not whether a corporation's "in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 761 (citing *Goodyear*, 564 U.S. at 919). General jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. A corporation is fairly regarded as at home in its place of incorporation and principal place of business. *Id.* at 760.

Plaintiff argues that the Court has general jurisdiction over Defendant because of its website. Plaintiff asserts that Defendant clearly does business over its website and uses it to enter into contracts with residents of Texas. Defendant asserts that its website does not create general jurisdiction in this case.

The analysis of whether a website can create personal jurisdiction is one that "is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute contacts required for a finding of general jurisdiction—in other words, while it may be doing business *with* Texas, it is not doing business *in* Texas." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (citations omitted). However, even if a website did lend itself to general jurisdiction, in this case it would not. The Court is tasked with determining where Defendant is "at home" by looking to Defendant's contacts worldwide. *Daimler AG*, 134 S. Ct. at 760–61 (citing *Goodyear*, 564 U.S. at 924). A corporation is deemed at home in its place of incorporation and its principle place of business. *Id.* at 760. Defendant is a California corporation with its principle place of business in California. Defendant's website activity does not render Defendant "at home" in Texas. Accordingly, Plaintiff has not met its burden to establish a prima facie case of general jurisdiction.

## II. Specific Jurisdiction

Specific jurisdiction exists when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. A single act by a defendant may establish specific jurisdiction if the act in the forum state is substantially related to the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). The Fifth Circuit follows a three-step analysis in determining whether a court has specific personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271.

### A. Whether Plaintiff's Cause of Action Arises Out of Defendant's Forum-Related Contacts

Plaintiff asserts the Court has specific jurisdiction over Defendant based on the sale of its products online and in retail stores in Texas[3] because the types of products Defendant sells and where it sells them is "relevant to the question of a likelihood of confusion," which is an essential element in proving a trademark infringement claim (Dkt. #8 at p. 6). Defendant responds that its

---

[3] The Court notes that Plaintiff argued use of its website supported general jurisdiction and used Defendant's sales to national vendors to support its argument that exercising jurisdiction would not offend the traditional notions of fair play and substantial justice. However, after a review of the response, the Court will also accept these arguments as arguments in support of exercising specific jurisdiction.

7

sales in Texas, both through its website and stores, do not arise out of the cause of action because this is a declaratory judgment action. Because Defendant does not contest that it has contacts with Texas, the Court will focus on the argument pertaining to whether Defendant's contacts relate to the cause of action.[4]

In support of its contention that specific jurisdiction exists because of Defendant's product sales, Plaintiff asks the Court to rely on the "large number of opinions in which sales of products via websites have been found to be sufficient for purposes of exercising personal jurisdiction," and references a footnote that contains a string cite of cases (Dkt. #8 at p. 4–5). However, these cases are not declaratory judgment actions and accordingly offer no support for or guidance on how these contacts relate to the present cause of action. *See generally Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 813 (E.D. Tex. 2014); *Autobytel, Inc. v. Insweb Crop.*, No. 2:07-cv-524, 2009 WL 901482 (E.D. Tex. Mar. 31, 2009); *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669 (E.D. Tex. 2006); *CoolSavings.com, Inc. v. IQ Commerce Corp.*, 53 F. Supp. 2d 1000 (N.D. Ill. 1999). Plaintiff does, however, cite to *Board of Supervisors for Louisiana State University Agricultural and Mechanical College v. Smack Apparel Co.*, which ruled on a motion for summary judgment in a trademark infringement case, to show that the sale of alleged infringing products and the location of such sales is relevant. (Dkt. #8 at p.6 (citing 550 F.3d 465, 478 (5th Cir. 2008))). This case is not persuasive for the issue before the Court, not only because it is not a case regarding personal jurisdiction, but because it is a trademark infringement case as opposed to a declaratory judgment action. Plaintiff offers no case law to suggest what contacts are important under a specific jurisdiction analysis in a declaratory judgment action.

---

[4] The Court acknowledges that a defendant's website can often times create specific personal jurisdiction, but in this case Defendant's website does not relate to the cause of action.

It is necessary for the Court to look to cases that involve declaratory judgment actions to determine what type of contacts relate to the cause of action. Courts across the country look to patent cases as persuasive authority when handling trademark disputes generally, but even more specifically in regards to determining personal jurisdiction in declaratory judgment actions. *See, e.g.*, *Am. Intercontinental Univ.*, 2017 WL 3478805, at *3–*4 (N.D. Ill. Aug. 14, 2017); *Mike's Train House, Inc. v. Metro. Transp. Auth.*, No. 16-cv-02031-JFM, 2016 WL 6652712, at *4 (D. Md. Nov. 9, 2016); *Un. Bully Kennel Club, Inc. v. Am. Bully Kennel Club, Inc.*, 2011 WL 13228570, at *10 (S.D. Fla. Oct. 5, 2011); *Parti-Line Int'l, L.L.C. v. Bill Ferrell Co.*, No. 04-2417, 2005 WL 578777 (E.D. La. Mar. 4, 2005).[5]

> Because the nature of declaratory judgment actions in the patent and trademark contexts, which raise non-infringement, invalidity, or unenforceability issues, is "to clear the air of infringement charges", the Federal Circuit has explained, "[s]uch a claim neither directly arises out of or relates to the making [or] selling . . . [of alleged] infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent."

*Sinclair v. SudioCanal, S.A.*, 709 F. Supp. 2d 496, 508–09 (E.D. La. 2010) (first and second alteration in original) (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324, 1333–34 (Fed. Cir. 2008)). Examples of activities that would be sufficient to create personal jurisdiction in a declaratory judgment action include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* (citing *Avocent Huntsville*, 522 F.3d at 1333–34). Accordingly, the Court must determine

---

[5] "[T]he personal jurisdiction analysis is virtually identical in the Fifth and Federal Circuit. The Court notes that Federal Circuit law defines the personal jurisdiction inquiry in the intellectual property declaratory judgment context, and therefore it is helpful to consider it." *Sinclair*, 709 F. Supp. 2d at 505 n.7 (citing *Parti-Line Int'l, L.L.C. v. Bill Ferrell Co.*, No. 04-2417. 2005 WL 578777 (E.D. La. Mar. 4, 2005)) (applying Federal Circuit law to trademark infringement and unfair competition claims that arise out of the same facts as plaintiff's patent claims).

whether Defendant has sufficient contacts with Texas that involve enforcing its trademarks to create specific personal jurisdiction in this declaratory judgment action.

Here, Plaintiff offered no argument as to what these activities are in this case. While Plaintiff did reference Defendant's website and sales to national retailers, it made no effort to relate these contacts to Defendant's enforcement of its trademark or its declaratory judgment action. On their face, there is nothing to suggest that these contacts arise out of Defendant's enforcement of its trademark. Indeed, the claim does not arise out of or relate to the sale of the alleged infringing products in Texas. *Id.* (holding "declaratory judgment actions in . . . the trademark contexts . . . [do not] arise out of or relate[] to the making [or] selling . . . [of alleged] infringing products. . . ."). Further, even though Defendant sent a cease and desist letter to Plaintiff's attorney, who was located in Texas, this is insufficient to confer personal jurisdiction over Defendant. *Id.* at 508 (citing *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)) (explaining "[t]he sending of a cease and desist letter, without more, is insufficient to confer personal jurisdiction over a non-resident defendant.").[6] Plaintiff provided no argument or any factual support to show that Defendant took other actions to enforce its trademarks in Texas. As such, Plaintiff has not established a prima facie case of specific personal jurisdiction.

### B. Whether the Exercise of personal Jurisdiction is Fair and Reasonable

Plaintiff has not successfully established that Defendant had minimum contacts with Texas giving rise to the declaratory judgment. The Court therefore will not shift the burden to Defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable.

---

[6] The Court has previously held that a threat of litigation, which is similar in nature to a cease and desist letter, does not create personal jurisdiction. *Dall. Texans Soccer Club v. Major League Soccer Players Union*, 247 F. Supp. 3d 784, 790–791 (E.D. Tex. 2017).

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue (Dkt. #5) is hereby **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SIGNED this 15th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE